```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

THOMAS RAMOS,                     )
        Plaintiff,                )
                                  )
        v.                        )
                                  )    C.A. No. 19-11572-PBS
THOMAS M. HODGSON, et al.,        )
                                  )
        Defendants.               )
                                  )
                                  )
```

**ORDER**

**September 3, 2019**

Saris, C.J.

Thomas Ramos, who is incarcerated at the Bristol County Jail and House of Correction ("Bristol County HOC"), has filed a pro se complaint in which he alleges that, on June 10, 2019, Bristol County HOC Correction Officer Trent Cardoso wrongfully "assaulted and battered" him. Compl. ¶ 6. Ramos also claims that Bristol County Sheriff Thomas Hodgson, "failed to properly train" Cardoso. Id. ¶ 7. Ramos names Cardoso and Hodgson as defendants. The plaintiff also seeks leave to proceed in forma pauperis.

Upon review of the complaint and the motion for leave to proceed in forma pauperis, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis (Docket Entry No. 5) is GRANTED. According to the prison account statement submitted by the Bristol County HOC (Docket

Entry No. 5), Ramos has been without income or assets for more than six months.  Accordingly, no initial partial filing fee is assessed.  The entire $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this notice to the treasurer of the institution having custody of the plaintiff.

  2. The motion for the Court to order the Bristol county Sheriff's Office to provide a certified account statement (Docket Entry No. 6) shall be terminated as moot.

  3. The claims against Hodgson shall be dismissed without prejudice and Hodgson shall be terminated as a party to this action.

  Reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A,[1] the Court concludes that Ramos has failed to state a claim upon which relief may be granted with regard to Hodgson. The Court construes Ramos's complaint as asserting claims under 42 U.S.C. § 1983 ("§ 1983") for the violations of federal constitutional rights.  In the context of a § 1983 claim, "only

---

[1] These statutes authorize a federal court to dismiss an in forma pauperis or prisoner complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In conducting this review, the Court liberally construes the complaint because Ramos is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).  In other words, a supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct.  See id.  A supervisor's failure to train subordinates who commit constitutional violations may constitute direct involvement for purposes of § 1983, but only when "the complaint plausibly alleges that [the supervisor] was deliberately indifferent to the grave risk of harm that [his subordinate] posed."  Saldivar v. Racine, 818 F.3d 14, 20 (1st Cir. 2016).  Here, Ramos does not allege that Hodgson was aware of any risk of harm posed by Cardoso or any other facts demonstrating a reckless or callous indifference by Hodgson to the constitutional rights of others.  See Gaudreault v. Municipality of Salem, 923 F.2d 203, 209 (1st Cir. 1990).

    4.   The Clerk shall issue summons for Cardoso. Ramos shall serve the summons, complaint, and this order upon Cardoso in accordance with Rule 4 of the Federal Rules of Civil Procedure.

    5.   Because Ramos is proceeding in forma pauperis, he may ask the United States Marshals Service ("USMS") to complete service with all costs to be advanced by the United States.  If so asked by Ramos, the USMS shall serve a copy of the summons,

complaint, and this order upon Cardoso as directed by the plaintiff.  Ramos is responsible for providing the USMS all copies for service and for completing a USM-285 form.  The Clerk shall provide Ramos with a USM-285 form and instructions for service by the USMS.

    6.   Ramos shall have 90 days from the date of the issuance of the summons to complete service.  Failure to complete service within 90 days may result in dismissal of the action.  See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

    SO ORDERED.

    /s/ Patti B. Saris  _____
PATTI B. SARIS
CHIEF, U.S. DISTRICT JUDGE